Submitted on remand from the Oregon Supreme Court October 21, affirmed
December 8, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTONIO VILLANUEVA,
*Defendant-Appellant.*

Lane County Circuit Court
17CR20229; A165517

501 P3d 1143

On remand from the Oregon Supreme Court, *State v. Villanueva*, 368 Or 560, 494 P3d 918 (2021).

Valeri L. Love, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

This case is before us on remand from the Supreme Court "for reconsideration in light of *State v. Payne*, 366 Or 588, 468 P3d 445 (2020)." *State v. Villanueva*, 368 Or 560, 494 P3d 918 (2021). We previously affirmed without opinion. *State v. Villanueva*, 298 Or App 376, 449 P3d 541 (2019). In so doing, we rejected defendant's contention that the trial court erred in failing to deliver, on defendant's request, the witness-false-in-part jury instruction. As directed by the Supreme Court, we reconsider that ruling in view of *Payne*. We affirm.

"In light of *Payne*, the inquiry for us is whether the testimony and evidence, viewed in the light most favorable to defendant, is legally sufficient to support a finding that at least one witness testified falsely and, if so, whether that false testimony concerned a material issue." *State v. Kinstler*, 307 Or App 517, 521, 478 P3d 595 (2020). Further, "[i]n conducting that inquiry, we focus on the testimony and evidence identified by defendant as supporting the instruction." *Id*.

In this case, defendant points to the testimony of one witness, Knapp, in support of the contention that the instruction should have been delivered. During trial, the following testimony was elicited from Knapp:

"Q  *Have—would you say that you're addicted to methamphetamine*?

"A  *I wouldn't say that. I wouldn't say I even do meth.* I'd say I've been a drug addict since, I don't know—I don't know why this would pertain but—

"Q   Well, I just want—

"A   I mean, I don't really go around giving out my personal information like drug uses or if I'm a drug addict."

(Emphases added.)

Defendant argues that the italicized portions of the question and answer are evidence that Knapp testified falsely. Pointing to Knapp's earlier acknowledgment of convictions for possession of methamphetamine, defendant asserts that Knapp's claim that "he was not an addict" was

"obviously a false claim" in view of his criminal history. This, according to defendant, means that the trial court should have delivered the witness-false-in-part instruction.

Having considered in context the testimony identified by defendant, we disagree that it supports an inference that the witness testified falsely. At most, it supports an inference that the witness does not view himself as addicted to methamphetamine. That is, it appears to express the witness's personal—and subjective—opinion of his drug use, rather than an objectively false statement. Consequently, the trial court did not err when it declined to deliver the witness-false-in-part instruction. *See*, *e.g.*, *Kinstler*, 307 Or App at 523 (trial court did not err in declining to deliver witness-false-in-part instruction where the discrepancies in testimony identified by the defendant as supporting the instruction were "of the type that suggest lapses in memory, differences in perspective, and, at worst, an example of a witness's selective choice of words to downplay his potential role" in the incident that led to criminal charges).

Because the Supreme Court's remand order does not call into question our resolution of defendant's other assignments of error, we reject those assignments of error without discussion, as we did before.

Affirmed.